Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TOMMIE DONALDSON,<br><br>Plaintiff,<br><br>v.<br><br>FULL CIRCLE FINANCIAL SERVICES, LLC,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

TOMMIE DONALDSON ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FULL CIRCLE FINANCIAL SERVICES, LLC ("Defendant"):

- 1 -

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Los Angeles, California.

6.  Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.  Defendant is a business with its principal place of business located at 2425 Race Track Road, Suite 100, Tampa, Florida 33626.

8.   The principal purpose of Defendant's business is debt collection.

9.   Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Debt collection is the principal purpose of Defendant's business.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this phone number as a cellular telephone.

14. Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone seeking to collect an alleged consumer debt.

15. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and/or pre-recorded voice or message.

16. Plaintiff knew that Defendant was calling him using an automatic telephone dialing system as calls started with either a prerecorded message or a noticeable silence or delay with no caller on the line before being transferred to a live representative or terminating.

17. Defendant's calls were not for emergency purposes.

18. Shortly after calls started Plaintiff first told Defendant to stop calling.

19. Defendant heard and acknowledged Plaintiff's request to stop calling, but continued to call repeatedly.

20. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith

- 3 -

reason to place calls.

21.    Plaintiff found Defendant's excessive collection calls to be intrusive, disruptive and harassing.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.    Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24.    Defendant's calls to Plaintiff were not made for "emergency purposes."

25.    After Plaintiff told Defendant to stop calling, the Defendant knew or should have known it did not have any consent to call and that any consent it may have thought it had was revoked, yet the Defendant continued to call.

26.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

PLAINTIFF'S COMPLAINT

27.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, TOMMIE DONALDSON, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.   Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.   Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TOMMIE DONALDSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: 9/13/19

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (877) 600-2112
Email: aginsburg@creditlaw.com

- 6 -

PLAINTIFF'S COMPLAINT